Good morning Your Honor, my name is Gary Greenberg and I represent the opponents of Mr. LaSala and his desire for the trustees of the Remessoff Liquidating Trust. I would ask for three minutes Your Honor, one of the first things here is I don't know if it's the first thing, but to me one of the first things is, is this even a covered action? Tell me why this is a covered action. Well it's not a covered action Your Honor, certainly the corporate claims are the claims of one. There's a fundamental mistake that the district court made and that was the failure to recognize that there are corporate claims that are pled. And when we only look at the complaint paragraphs 1, 7, 10, 26, 32, 36 the complaint clearly states that it is being brought on behalf of the corporation, a Remesoff corporation. As Your Honor understands, the effect of the district court's order is to cause a radical departure in the bankruptcy code. What the court has in effect done is prevented a bankruptcy trustee from pursuing claims which the bankrupt company could have pursued prior to the bankruptcy. That's the effect of the district court's order. There is, with all due respect to the district court, there's no question that corporate claims are not covered claims. One only needs to look at the derivative action exception to make it clear that shareholders it could be 51 shareholders who could have brought this suit on behalf of the corporation and it would not have been a covered action. So the corporate claims, at the very least, and one needs to distinguish between the two types of claims at the very least, those claims on behalf of a Remesoff corporation are not a covered class. End of story. There's no preemption issue whatsoever. The analysis that the district court goes into... Excuse me, Judge Collins... Am I misunderstanding? The complaint says this is brought for the benefit of the beneficiaries of the trust. That is solely because of the defunct status of the Remesoff entity. And that's precisely the point, Your Honor, is but for the fact that a Remesoff corporation is out of business... Remesoff goes into bankruptcy. Correct. The plan is what, a liquidating trust? It's a liquidating trust, Your Honor. You get whatever a Remesoff has. Well, there's a bunch of other things, but that's correct. That's correct, yes, Your Honor. So if you get what it has, and then you're bringing this claim... We're bringing a corporate claim on behalf of a Remesoff. By virtue of the defunct nature of the entity, the distribution goes to the beneficiaries of the trust. On whose behalf you are therefore bringing the claim, are you? No, Your Honor, the claim is a claim on behalf of the corporation. It is the corporation that has the claim. They are the owners of the claim. It is a corporate claim no different than a shareholder derivative suit. As the derivative action exception provides, shareholders bring a claim on behalf of a singular entity. That singular entity is the corporation, a Remesoff. That is not a covered class because it is a claim on behalf of one. This is a claim, and again I'm focusing on the corporate claim. This is a claim on behalf of the corporation. It is not a claim on behalf of the shareholders, therefore it is not a covered class. The mistake, and that's what... So you're arguing that there's no preemption of a state law claim if you don't have a covered claim? Your Honor, there cannot be a preemption of a corporate claim. The court made the mistake, two mistakes. Number one, the district court said there is no corporate claim. That's just wrong. It's clear in the complaint. I think in paragraph one we state that we're bringing it on behalf of the corporation and that the claims have been assigned. The secondly is the focus on the beneficiaries. Excuse me, what it says in the first paragraph of the complaint is the co-trustees bring this action for the benefit of the beneficiaries of the trust. Okay, for the beneficiaries of the trust. That's correct, Your Honor. It doesn't say this is a derivative claim by a no longer existing corporation. Actually, Your Honor, what it says is... I mean, am I reading it wrong? I think you read it word for word. Your Honor, if you look at the complaint, it states... Well, you said look at the first paragraph. I looked at the first paragraph. The first paragraph of the complaint says it talks about the fraud on Remesov. In other words, the fraud suffered by the corporation... The first paragraph doesn't say anything about fraud. Your Honor, it says in the last line of the first paragraph. International fraud. Are we reading a different complaint? I'm on page 41. Oh, yeah, it does say international fraud. Fraud perpetrated on Remesov. If one looks at Paragraph 10, okay, it states in Paragraph 10, under the terms of the plan, that any and all of the Paragraph 10, starting in line 3, any and all claims of Remesov, that's the corporation, claims arising pre-bankruptcy were assigned to and for the benefit of the Remesov Trust. And I can go through the complaint. The point, Your Honor, I'm making is that the claim... The Remesov will come in there because it then says the Remesov Trust serves as the vehicle for prosecution of claims on behalf of such former shareholders of Remesov. That's correct. Your Honor, the issue is who owns the claims. Okay. The issue is these were Remesov claims. The reason for the distribution is solely because of the defunct status of the entity. If one thinks, Your Honor, if this was a reorganization, okay, where the benefits of the corporate claim were going to the single entity. In other words, the Remesov was being reorganized rather than a distribution. That's the fallacy of the court's analysis. It is a Remesov claim. It is a corporate claim. Who gets the recovery is solely a function of the defunct status of the entity. We are not seeking... This is a claim on behalf of one. If you look, Your Honor, at even the coverage, the language of SLUSA, you know, damages on behalf of... Damages is a word that connotes an element of a claim. It's the wrong inflicted on the corporation. Isn't it evident that the liquidating trust was formed to file this action on behalf of the investors? Four points, Your Honor. Number one, the answer is no to your question. No? The record doesn't support that? Your Honor, four points if I may respond to that. First of all, Your Honor, we were not even aware of the claim at the time this trust was formed. But let me try to identify what I think the four points is on the single entity issue. Number one, you don't get to single entity issues unless it's a covered action. So to the extent one is dealing with the corporate claims, single entity doesn't apply. If we found that this was, in effect, a class action, and that the trust was formed for the purpose of bringing litigation, you may disagree, but I'm just saying, if we found that, is there any other issue that we would have to deal with? No, because that's, Your Honor, you basically said, but one cannot find, I mean, with all due respect, to the extent one has a corporate claim, a corporate claim cannot be a covered action under the statute, I mean, under the definition. But secondly, Your Honor, the reasons, four reasons why the single entity analysis is wrong. Number one, it doesn't apply to the corporate claim because it's a claim on behalf of one. And in effect, if you, one, as I pointed out, that what you're doing is you're taking away from a liquidating trustee a claim that the company could have brought, but for the bankruptcy. As Smith and the other cases warned, SLUSR isn't intended to be interpreted as having a radical departure from the bankruptcy code. Secondly, Your Honor, that with respect to the issue of the action, the statute says the action, it doesn't say any action. We made that point in the brief. The third point I want to point out is this primary purpose, again, this is a judicial gloss placed on a statute which is very clear. The statute doesn't say anything about primary purpose. It says the purpose. But let me get to the fundamental issue, which is what is the primary purpose of this trust? In this, Judge Pisano's mistake was he looked at one clause in one document to determine primary purpose. He looked at one clause. Well, section, excuse me, section 1.3 of the trust agreement states that the purposes of the trust are the trust is organized for the primary purpose of liquidating the trust claims, litigating, I'm sorry, litigating the trust claims, distributing the proceeds to class members, and litigating its assets for the benefit of the class members. Now, that says why the trust, and that's on appendix 3.12. That says what the purpose is. And that's exactly the sentence that Judge Pisano looked at. If Your Honor looks at even the first page of the trust, Your Honor, there's no question this is a liquidating trust. Not a litigation trust as in Cape Ann, but a liquidating trust. What a liquidating trust does, and I'm just asking for common sense and then we'll go through the documents, is it gathers, it preserves, and it distributes the assets. One of the functions of a liquidating trustee is to gather assets. A subset of that function may be to litigate. It says the primary purpose of litigating. Your Honor, the first page says the trust is organized, the first page states the trust is organized for the primary purpose of liquidating the trust assets with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to and consistent with the liquidating purpose of the trust, including without limitation, holding and preserving the value of the trust assets for distribution. Two, litigating trust claims, and three, making distributions. That's what a liquidating trust does. If you look at the documents, the plan, the trust agreement, Mr. Lozada's affidavit, one will see a myriad of duties, and we list them. A myriad of duties. Of duties. Of duties. The document, and again, my fundamental point, and Judge Pisano alludes to it in a footnote, that there are other provisions. If you look at the entirety of the plan, the trust, the affidavit, and there's a recent New York State court last month which looked at those. It's a slip of the hand district court, state court, and the court in that case is, let's look at the trust instrument, let's look at the plan of realization, let's look at the trustee's affidavit of activities. It is clear that the trust duties were to liquidate. Liquidate and repeat is gather, preserve, and distribute. A subset of that is maybe litigation. This trust has distributed over $200 million. It's engaged in, as Mr. Lozada's affidavit says, a whole list of duties with the SEC, the Department of Justice, foreign governments. But the point is, the point is, the solution doesn't apply. To the corporate claims, it doesn't, and with respect to the investor claims, Your Honor, this is a trust that has two types of beneficiaries. One is, and there are two types of claims here. With respect to the investor claims, I think you understand, our argument is just basically twofold. Because there's no misrepresentation alleged for these defendants, it doesn't apply, and secondly, Swiss law is not foreign law. I'm sorry, for Swiss law, it's not state law. Thank you, Your Honor. Wait a minute. Wait, wait, wait. Oh, I'm sorry. No, no. Okay, do you have any more questions? Okay, thank you. Thank you very much. Good morning, Your Honor. Paul Beshore for the appellee, Dominic, company AG. With the court's permission, I will cover three issues so we don't have duplication here, and I'll deal directly with your covered class first. Okay. And then the trust issue, and then whether or not, if anything is preempted or precluded here, is the entire action precluded, an issue that was before this court in Rolinski. Wait, wait, first question. Wait, excuse me. And somebody else, he was about to say. Mr. Cohn will deal with the other issues, aiding and abetting the Irmasoft claim itself, and the state law, federal foreign law issue under Swiss law. Okay. But let me address my first question, I guess, to you, is how can a state law claim be a claim on behalf of over 6,000 shareholders when the shareholders don't even have standing to bring the suit under Delaware law? Well, they do have standing. They do? Of course. Of course they do. To bring a, they can bring a derivative action. No, they can bring, if they have been defrauded in their purchase, these are not shares. Can they sue directly under state law? These are purchases. Can they sue directly? Yes. You're kidding. No, I'm not kidding. How in the world can shareholders sue on behalf of Irmasoft? No, no, no. I didn't say they're suing on behalf of Irmasoft. I said that they can sue directly as purchases. These individuals purchased stock when it was going up. They were defrauded. This is a complaint brought by whom? Who's the plaintiff here? The plaintiff here are these 6,000 people. It's a trust on behalf of those 6,000 people. The covered class action. The cash is the trust then? Yes. Proceeding to grim claims to recover damages for 6,000 people. And it's a liquidating trust for Irmasoft? No. It is not a bankruptcy trust. I mean, I heard my colleague just say it was a bankruptcy. It is not. What kind of trust is it? It's a Delaware trust that was set up as part of a bankruptcy organization, correct? Yeah, you know, it was set up. It was set up for the purpose of bringing these lawsuits. Let me just make sure. Is there more than one trust here? No, there's one trust. Okay, and this trust was set up when? It was set up after the bankruptcy was over, and it was set up for the purposes of pursuing claims on behalf of the 6,000 people who have signed their claims to this trust. There are a series of class actions that were brought against Irmasoft and some others. But you're in effect asking us to rewrite the trust law. No, I'm not. No, I'm not. I'm asking you to interpret the trust as written. The trust says that the primary purpose of this trust is to litigate these claims. That's what this trust is doing. It has no other purpose. Claims of whom? Claims of the beneficiaries who assigned their claims to this trust. There's an assignment here. Okay, point it out to me in the trust. We're to say in the trust that these claims are those of the shareholders of Irmasoft and that those people have assigned their claims to this trust. Appendix 427. 427. Okay. Transfer of the causes of action and proceeds of the proceeds assets to the trust shall be made as provided here for the benefit of the class members. Correct. That doesn't help you. Well, it does, Your Honor. The purpose of this was there was a settlement. And what happened here in this settlement was that these claims of these individual 6,000 people, these class actions, were assigned to the trust. Now, if they had proceeded on their own, there's no question this is a covert class action. And let's go back to the definition under Sluicer. Sluicer doesn't say who's the plaintiff. Sluicer defines covert class action as being whoever the damages are being sought for. And if the damages are being sought for more than 50 persons, here obviously 6,000 plus, it is a covert class action. And it is a covert class action that is alleging misrepresentations, etc. Does the complaint say that it is suing for 6,000 people or does the complaint say that it's suing for the trust? It is suing. The trust is the plaintiff. Correct. The trust is the plaintiff of these 6,000 people because they're the ones that it's seeking. And the complaint says that. They're seeking damages on behalf of these beneficiaries, these 6,000 people. That's who it is. If we go back to a basic bankruptcy law, this could not be a bankruptcy trust. This could not be because a bankruptcy trust cannot sue under the United States Capital Decision, cannot sue on behalf of creditors. It can only deal with the individual claims of a corporation. It's a liquidating claim, correct? Your Honor... Do you understand bankruptcy? Yes, I do. Okay. Do you understand what a plan of your organization does? And this is a liquidating 11, as they call it. No, it isn't. It's not? No, because it couldn't be. A liquidating 11 could only be bringing claims on behalf of the corporation. It could not be bringing claims... That's correct. It could not be bringing claims on behalf of the class members who assigned, all these class members assigned their claims to this trust for the purposes of their proceeding. That's what we got here. You know... What we're really dealing with, Your Honor, the complaint itself is very clear. I mean, we've gone through a lot with briefing and saying... There's a complaint alleging, just the complaint itself, alleging, at least in some places, that the trust was suing on behalf of Ramosoft. It says that in places. And I say that if it's also saying, as it does say, that it's suing on behalf of the 6,000 persons, those 6,000 persons is a covered class action. And my argument is that if it's a covered class action, the entire thing is precluded under not only the language of the statute, which talks in terms of a covered class action being defined as a single lawsuit. You can't distinguish between claims. It's a single lawsuit. And the United States Supreme Court, in the Kershaw decision, said that a district court faced with SLUSR has two choices. If the case is coming in on a removal from the state court, it looks at whether or not it's been precluded. If it's not precluded, it must remand. If it is precluded, it must dismiss. And Judge Souter, in the Kershaw sentence, Justice Souter said, you have no other authority, you can't do anything else. One of the issues that is in this brief... Which is your better argument? The aiding and abetting argument or SLUSR doesn't apply? I think both are very... Or SLUSR does apply in your case, you're saying? Yes. Which is your better argument? I think SLUSR does apply to this claim as written in this complaint. Which is the better argument you think you have? Which is the stronger argument? I'll say both. I don't think that's a fair question. He can ask it because he has as much right to ask the time. Sure. I understand where you're coming from, Your Honor, and I am challenging you because I think that this is a covered class action as written in this complaint. Could they have done it differently? Yes. Where is it written in the complaint that this makes this a class action? It is a action... Just point me where. Well, I'm looking at the statute now, Your Honor. It's an action on behalf... Seeking damages on behalf of more than 50 people. In the Smith case in the Ninth Circuit, and in the Cape Ann case in the District of Massachusetts,  of whether or not a trust coming out of bankruptcy could or could not be a covered class action. And both the Ninth Circuit... The Ninth Circuit found that the particular case before it was not, but it accepted the language of Cape Ann that a covered class action can be brought by a trust if indeed it's on behalf of more than 50 people. All right. Well, speaking only for myself, I completely disagree with you on that. You can go to the next point about whether we've reached the issue of whether the requirement of deception... Mr. Sidney, could I ask a question about that? Are you relying on something like paragraph 10 in page 45 that says, the Aramis Soft Trust serves as the vehicle for the prosecution of all such claims on behalf of such former shareholders? Yes, that's exactly it. It's replied throughout the complaint, Your Honor. I guess... This complaint has two different versions. Go back. You're saying the shareholders assigned their claims, right? Yes. They assigned their claims to the trust. What claim did they have to assign? The claims that they had were under... The claims that they had brought originally were the federal securities laws. The claims that were settled? No, well, Aramis Soft settled. Yeah. But can they bring... You had a pump-and-dump scheme, right? Certainly not. That's what it was. And who was injured by this? Shareholders. Shareholders who bought the stock at inflated prices. But the corporation also had its shares... You know, that's an interesting question as to whether under state law... I know you go all the way back to Donovan v. Oregano and whether or not under state law a corporation has a claim in this circumstance for insider trading. A corporation does not have a claim for the pump, in my opinion, because they were the ones who were pumping. So you really are talking in terms of what is this complaint? And this complaint is on behalf of those 6,000 persons. Yeah, they say Aramis Soft also assigned the claim to... Aramis Soft's not signed its claim to those 6,000 people. Do these persons have the authority to bring a suit on behalf of the corporation? I'm sorry, what was that? Do they have the authority to bring a suit directly for damage to the corporation? Does the shareholders? Do the shareholders here have the authority to bring a suit directly for damage to the corporation? There are no... These were not the shareholders. You understand that, John. These were purchasers. And there's a big difference. These people were proceeding as purchasers. Just answer the question. Sure. A shareholder could bring a derivative suit. They didn't here. That's not what we have here. And again, on the derivative issue, the statute says... You're not answering my question. Yes, they can bring a derivative suit. Can they bring a direct suit for damage to the corporation? No. That's all I want to know. No, of course not. But they can bring a suit on their own behalf if they have been damaged in their capacity as a purchaser. And then we come back to whether that was what the complaint is about. Well, that's what the complaint is about. And with deference, Your Honor, that is exactly what the complaint is about. They're seeking damages on behalf of 6,000 people because they were damaged. They were damaged personally, not the corporation. They were damaged personally. Mr. Bustorian. I'm sorry. I'm sorry, Your Honor, to go back and forth on this, but I think it's a very important point, and I realize you are coming at it from a slightly different perspective, but I suggest in looking at the complaint and the language here of this trust... Well, I guess I'm coming at it as somebody who practiced bankruptcy law, and I'm not understanding where you're coming from. Well, this is not a bankruptcy issue. That's probably why you and I have a disagreement. This was a liquidating trust, and if you look at the Cayman decision, they made that very clear. But what is the bankruptcy issue is whether you have a liquidating trust. If you had a situation where only the claims of the corporation were being asserted, that's not what you have here. They settled this case. Remesov assigns its claims not to the trust, but Remesov assigns its claims to the class members. The class members take all those claims and assign them to the trust. That's what happened here. I thought Remesov signed its claims to the trust. No, it didn't. It did not? No. It's assigned to the trust, and then the trust liquidates for the purpose of ultimately distributing to the beneficiaries of the trust. The trust, assuming it recovers in these lawsuits, will obviously distribute to the beneficiaries. Correct. Not to Remesov, but to the beneficiaries. Correct, because what was Remesov's is now the trust, and the trust is settled. No, I don't think that's true. I don't think it's... It's not. I mean, Remesov is gone. I agree with that. At this point, we're talking past each other. I'm sorry. Judge Pollack? Mr. Beshore, you'll have to tell me. You now have the advantage of talking to somebody who's wholly innocent of bankruptcy law, which is good. That's always dangerous to start that way, Your Honor. I think I'd better be careful. As I am as well. And maybe the question I'm putting to you is a question to be put to Mr. Cohen. I'm not really quite sure of the distribution of assignments between the two of you, but my question is whether we're within the statute at all, because it doesn't seem to me that what is being asserted here with respect to the defendant Banks is a misrepresentation or omission of a material fact under A, or whether the Banks employed manipulative or deceptive devices. There's, of course, a lot in the complaint. There's interlarded a lot in the complaint about misrepresentations by the principals. But those weren't the claim, as I understand it. It doesn't depend on demonstrating that. The claim is that the Banks liability is that by laundering, in effect, you assisted in the helpful distribution and concealment of funds. It is an abetting. It is an abetting, and I refer you, Your Honor, to paragraph 110 of the complaint, which is at appendix 76, where it says, specifically, the Banks provided substantial assistance and encouragement to Kripenew and Pugliazzi's scheme to misrepresent the financial statements, financial nature of a renaissance. That is part of what is being alleged we did as aiding and abetting. And section A that you just referred to about misrepresentations, of course, is not limited to that the misrepresentations have to be made by a defendant. They can be made by anyone. And as long as that is in the complaint, it is precluded. If we go back to David and we go back to Kirchner and the Supreme Court, it is very broad as to the way the statute is to be interpreted. These are statements that are recited in the complaint. Right. But I don't see the proof of the misrepresentation. Oh, we are not at the stage of proof, obviously, Your Honor. We are dealing with a complaint. And the Supreme Court cautioned that people were going to try to work their way around this statute by creative pleading. The court said, don't fall for that. Am I wrong in understanding that the complaint claim against the banks is that you aided and abetted the culprits? Well, maybe not. You are making it difficult for me to put that question. Aided and abetted, not in the making of misrepresentations, but in moving the funds around. Well, Your Honor. After the fact. No, not after the fact. It would have been presumably along the way. Right, but that's the premise. Well, the premise is, according to this complaint, and that's all I have is this complaint. It says in paragraph 110 that we participated and assisted and encouraged the misrepresentation of the financial statements. In addition, what we had here were a series of accounts. These were warned to us, P and K I'm going to call them, set up in Switzerland through various nominee names at these two banks. And yes, they sold their stock. They got options and sold their stock at the same time. That's the dump part of the pump and dump scheme. And the bank is being accused of aiding and abetting that conduct. Let me just go to one paragraph. I'm sorry. We're the same thing, but that's okay. I think we're probably getting the same point. I'm sorry. It seems to me 110 has to be taken in the context of 111. What was happening under 111, they knew that the Cipriano and Floyd were insiders and were using Bordier Bank accounts in a manner that was designed to conceal. And I don't disagree that that's also part of it. But the issue is, what is the aiding and abetting? You haven't given Judge Palmer the chance to finish his question. Okay. What is it that's aiding and abetting? There's an allegation in the complaint that Dominic helped with respect to the Bulgarian acquisition. And it's somewhere in here in this complaint. Unfortunately, I don't have it flagged. But the issue is that they were claiming that at the same time as this was going on, these banks were helping these individuals in their pump and dump scheme. And that is the issue of aiding and abetting. Let me put this question to you, Mr. Shor. If there was no allegation, there was no prose in the complaint about the misrepresentations made by Cipriano and Floyd, would the substance of the complaint be impaired in any way? Yeah, I think so, because you wouldn't have the purchases with claims. I mean, if we only had insider trading, for example, we didn't have the pump side of this. Those purchases would not have been bringing those claims. They were defrauded because the stock was kited up. If you didn't have the kiting, you wouldn't have those claims. So, from that point of view, yes. If this was a totally different complaint, I would agree with you on it. It would be a totally different situation. But that's not what we have here. This complaint is alleging on behalf of those 6,000 people. I know my time is up. No, no, that's all right. Dr. Ambrose started the question. Just point to 110. Maybe you can help me parse this out. Because there is something in there that does, in effect, support you, but also, I'm a little uncertain as to what the end doesn't support you. But the third line says, authorized representatives or employees of Fortier knew that employees had committed numerous breaches of fiduciary duty and, nevertheless, provided substantial assistance and encouragement to the employee's scheme to misrepresent the true financial statement of Aramisoft. I assume that that's what you're arguing. Yes, Your Honor. And what they're relying on at the end is that they profit from the sales and then conceal the ill-gotten gains by laundering the proceeds. Well, that's there. But I don't think you can just take one part of it without the other. I'm saying it's all there. That is what the aiding and abetting is being alleged. We'll ask Mr. Greenberg again. Okay. Could I just make one comment on the- Sure, after all these questions. In the reply brief, the appellant says that he should be able to amend his complaint to correct all of this. By the way, are you dealing with the Swiss law claims? Mr. Cone will deal with that. But on the issue of amendment, first of all, it was never raised below. It was never raised in any of the briefs until the reply brief. And I think Your Honor wrote, Chief Judge, you wrote in Ghana versus Holland. I should say more. Well, for this problem you are. Yeah, go ahead. In Ghana versus Holland and a number of other Third Circuit cases that that's too late to bring that up now. But in any event, this entire action is preempted under the terms of the statute and in the Kirshner case. And we've written that in our papers. And I won't go into it further. But if any part of this is precluded, the entire action is precluded. And under Kirshner, there's nothing else for the district court to do but dismiss and do nothing further. Does the Jones case from the Supreme Court help you? It doesn't. I think it's irrelevant. And I'll tell you why it's irrelevant. The Jones case dealt with obviously the word action, but without a definition in the statute. Here there is a definition in the statute. The statute says that a covered class action means a single lawsuit. It doesn't mean a claim. It says a single lawsuit. Secondly, in Jones, Jones was dealing with prisoners bringing disparate, a court called disparate claims, some of which had administrative remedies exhausted and some did not. Here we've got one set of facts and multiple claims or multiple theories of liability. And under the definition of covered class action, meaning a single lawsuit, and the Supreme Court's decision in Kirshner saying that the district court, if it finds preclusion, has no alternative but dismiss and can do nothing further, that would be the end of it. It's obviously a different set of facts. The question in Jones is do you have, in effect, you separate the two. Right. In that case, they did. When you first read Jones, you say, wait a minute, what's that all about? But if you look at it, it's not solicitor. Okay. Thank you. Thank you very much. Thank you. Good afternoon, Your Honors. My name is Eliot Cohen, and I represent the appellee Board of Ed Bank. To address this question of who this claim is being brought on behalf of, paragraph 10 of the complaint states that, and that's at page 45 of the record, under the terms of the plan as approved by the New Jersey federal court in the confirmation order, any and all claims arising out of the purchase of Eremesov securities on the open market or otherwise from April 22, 1999 through and including July 27, 2001, plus Eremesov claims arising pre-bankruptcy were assigned to and for the benefit of the trust. So these are not shareholder claims. These are purchaser claims, and these are claims that purchasers asserted in prior class actions that were brought against Eremesov and others. Those claims were settled by having the claims of those purchasers transferred into, assigned into a trust that was to be created. This trust is the trust that was thereafter created. In paragraph 27 of the complaint... Continuing on that paragraph 10, accordingly under the plan, the co-trustees as plaintiffs now bring this action against the defendants on behalf of Eremesov. Yes, and then paragraph 27 states, by the time the floor was uncovered in 2001, the investing public, who are the beneficiaries of the trust, and whose interests are represented thereby, that's the investing public, not the shareholders, had sustained losses of approximately $500 million, and then it goes on to state, the beneficiaries of the trust, and again, that's the investing public, who number over 6,000 persons, so we recovered class action because we have more than 50, are entitled to recover 100% of these damages, and all SLUSA says is that it is a covered class action if damages are sought on behalf of more than 50 persons, and that's clearly what you have here in those two paragraphs, 10 and 27. You better address the Swiss law claims. Certainly. Under the Rowinsky decision, where a complaint has counts that are precluded by SLUSA, and the allegations of those counts... But Rowinsky, all the claims were state law claims, were they not? Yes. But here, the question is, does state, which is capitalized, does that mean a state of the United States, or can that mean a foreign state? When I look at the 34 Act, I can't find anything. I mean, I was trying to find something that helped you, and I couldn't find it. Well, let me address it in two ways. I mean, apart from this concept that under Rowinsky, we have an incorporation by reference, and you're incorporating a precluded claim, the subsequent claims are automatically precluded. But in addition to that, the factual allegations of counts three and four, the Swiss law counts, are inextricably tied to the allegations of one and two. The only factual allegations asserted here are the 117 allegations that are contained in the facts plus counts one and two, all of which are... But don't we have to assume, for the purpose of the complaint, that there is a complaint, that there is a claim being made that has as its basis something under Swiss law? I mean, at this point... Yes, something under Swiss law. But included in that claim is the allegation that Cipriano and Poitiatis breached their fiduciary duty to Aremisoft. That is a claim that would have to be determined under the law of the state of incorporation of Aremisoft, which would be Delaware law. So they're incorporating a state law claim... Let's assume for the moment you're right, but the point is they're making some claims under Swiss law. Is Swiss law, or non-United States state law, included within the definition of state under the 34 Act? If you can point me, I'd appreciate it. I don't believe it is, Your Honor. But I think it's proper to look at this this way. It would be an anomalous result, and contrary to the intent of SLUSA... It could have just been a gap, unfortunately, that Congress didn't think of. But certainly would frustrate congressional intent. In the Senate report, they talk about trying to encompass all class action vehicles that are intended to get around the PSLRA. This would be a vehicle to get around the PSLRA, making mass claims that assert foreign law claims. SLUSA was intended to cover the loopholes left by the PSLRA. I believe, and there are a number of courts that have said this, that it was intended to completely preempt the field of securities-type class action claims. But Congress didn't write a statute that said that. There's no question that the word foreign is not in the statute. Doesn't that somewhat constrain us? No, for the reasons that I said before. One, the precluded allegations are incorporated by reference. Two, that the entire action, if claims are precluded, the entire action is precluded, which is the argument that Mr. Beshore made. And three, that it would frustrate congressional intent if for some reason we were to permit foreign law claims that are essentially securities class action claims to proceed while all state and common law claims are precluded. Mr. Cohen, when you say there's some inextricable involvement of state law, whether it's Delaware law or New Jersey law, Delaware law here, you're simply talking about it as an ingredient of a Swiss claim. Well, under the concept of depassage, you can't have, in a single claim, you can't have the application of more than one law, the law of more than one jurisdiction. So if you're going to decide here on the Swiss law claim as part of the Swiss law count, whether or not Cipriano and Poitier has reached a fiduciary duty, one would have to look back at Delaware law to make that determination. So that is incorporated. Delaware law is therefore incorporated into the Swiss law count. My choice of law notions would tell me that that was a Swiss substantive claim that took as an ingredient a look at the law of, it might be Delaware, it might be the law of the Dominican Republic, but that doesn't make it any less a substantive Swiss claim. Well, all you have here in the Swiss law claims is a series of assertions about what Swiss law is, essentially. But all the misconduct, all the allegations regarding misrepresentations, aiding and abetting a breach of fiduciary duty, the breach of fiduciary duty itself, are all contained in the prior allegations. You mean from the first lawsuit? Excuse me? From the one that was settled? No, no, the counts one and two of this lawsuit. Okay. All of those 117 allegations up to the Swiss law claims are incorporated into, and therefore those Swiss law claims are inextricably tied to counts one and two, the aiding and abetting a breach of fiduciary duty. That would seem to be the strong argument, because if Congress wanted to include foreign in securities laws, they've done it in the past, I just don't see it here, that state includes, could include foreign. I'm not arguing that the word state. What you're saying is in effect that they're cloaking something under Swiss law when in fact it really is. Yes. It would frustrate congressional intent if this type of claim sort of fell through the cracks, which is exactly the kind of thing they were trying to stop with SLUSA. Probably the first time Congress has not covered everything. If I might address the aiding and abetting point for a moment, unless there were more questions on this. Is that okay? Yeah. The trust here contends that since it is labeled counts one and two and aiding and abetting a breach of fiduciary duty, it has somehow evaded SLUSA. But this concept is directly contradicted by the Rowinsky decision. What Rowinsky says is that the distinction between legal and factual allegations are immaterial for SLUSA state from a SLUSA standpoint. So the fact that they have labeled claims as an aiding and abetting claim is immaterial for SLUSA. What matters is that the complaint alleges misrepresentations. If it does, that's all that's required to satisfy the misrepresentation plot product of SLUSA. That's exactly the holding of the Rowinsky case. In this case, this complaint is replete with allegations of misrepresentations. They obviously thought that those allegations of misrepresentation by Kipriano and Pointyitis, which established the basis on which these purchases were defrauded, were critical to their claim. Insider trading obviously would be a deceptive device, right? I mean, insider trading. Not necessarily. Not necessarily. You could, for example, you have a securities fraud claim, a standard securities fraud claim. It includes many allegations relating to insider trading. The insider trading— But on top of the two employees right now. Kipriano and Pointyitis? Yeah. If this claim were just asserted against them for insider trading, it would still be a misrepresentation claim because the complaint would still be alleging misrepresentations. What we look to, again, is what the complaint alleges. Salusa covers deceptive devices used by the defendant. Are they really alleging that there were deceptive devices used by your client? No, there's a distinction between 1A and 1B. Right. 1A—well, the statute starts with no covered class action may be maintained asserting claims under state or common law, alleging misrepresentations or omissions in connection with securities. That's A. B says that the defendant engaged in deceptive devices. So whether or not the defendant engaged in deceptive devices here, A is implicated because you have a complaint, an action, alleging misrepresentations. If the word defendant has a meaning in B, its absence in A likewise obviously has a meaning. When this statute was passed, Congress certainly understood that central bank was in existence. Central bank was a seminal event in securities laws. By not limiting A to defendant, we're not using the word person as they do in Section 10B, clearly Congress intended to encompass aiding and abetting claims. In fact, the Eighth Circuit has so held in the professional management case, which we cite, and numerous other cases have said that cases outside the scope of Section 10B are encompassed within SLUSA simply because of the allegations, the allegations of misrepresentation. There are aiding and abetting cases, there are breach of contract cases and negligence cases, like the Rolinski case. So the fact that the complaint itself may be asserting claims that are outside the scope of SLUSA is immaterial. Central bank was obviously 10B-5, right? Section 10B-5. Take me and tell me where in 10B-5 we have the correlation to the SLUSA 1 and 2, or A and B. 10B-5B is somewhat comparable to SLUSA 1A. The difference is, I believe, that 10B-5B requires an omission which makes other statements that you made misleading. That's where you get into this whole insider trading problem we have at a case like O'Hagan, where you have somebody who's not making any statement at all. He's just silently benefiting from the fact that he knows information. So with respect to that kind of claim, the federal courts have created, the U.S. Supreme Court has created this concept of a misappropriation theory, but that's not what's implicated here. But the B under SLUSA would equate to what, 10B-5A? Well, the languages are not directly comparable. So it could be viewed that way. But I want to point out that with respect to 1A in SLUSA, it says it's just an omission. It doesn't say an omission which makes other statements that you made misleading. An omission of a material fact. Just an omission of a material fact. But it doesn't matter whether, in Rule 10B-5, you have to have said something for there to have been an omission. In other words, there's a distinction in 10B-5B where you have situations where there's pure silence. That would not be covered by 10B-5B. Here, it only refers to omission. It expressively leaves out that additional language. So there's a difference there. In addition, even if 1B were applicable here, 1A would still be applicable because you have a complaint alleging misrepresentations. And that's all that's repeated. We look at, again, under Orwinsky, we look at the allegations, not the labels. Looking through it, it seems like you may have a very good argument on the merits, if you ever get there. I hope never to get there, Your Honor. That's why you're here today. Did you have any questions? No. Thank you very much. Thank you, Your Honors. Greg, how much did he reserve? Three minutes? Okay. Three minutes. I think we're going to keep you to three minutes. I appreciate that, Your Honor. Can you just maybe take me to Paragraph 10 of the complaint? Yes, sir. And explain, other than the sentence that I quoted, that the accordingly under the plan to co-trustees bring the action against the defendants on behalf of Baramosov. But it looks like at the outset, and also when you look at Paragraph 110, that you are alleging in Paragraph 110 misrepresentation. I'm not quite sure what you're doing in Paragraph 10. Your Honor, this trust has two types of assets. Number one, the corporation's assets. And as Your Honor pointed out, under the Declaration of Trust Section 1.2, this is Record Appendix 372, the debtor hereby irrevocably transfers to the trustee the debtor's assets. So the trust has the debtor, that's the corporation's assets, for the reasons, and it also has investor claims. Question, who are you bringing this suit up to? The beneficiaries would consist of two different types of claims, the corporate claims and the investor claims. The reason the corporate claims aren't included by SLUSA is because it's not a covered class. It's the claims of one. The reason the investor claims aren't covered by SLUSA is for two reasons. Number one, there is no allegation of misrepresentation against the defendant. Every court that has read this language, the Eighth Circuit in Green... Well, then what are you doing in paragraph 110? 110 is not a misrepresentation. It's Judge Pugano's saying. But you need to tell me what you meant. You drafted this, right? Our office did draft it, Your Honor. There is no allegation that Judge Pugano... You need to defend somebody in your office, then. That the defendant... Could you let him finish his question? No, that's fine. I'm done. Go ahead. Your Honor, there is no allegation that the defendants, any of the two banks, made a misrepresentation. And it's not intended to. What they did was, they assisted through their money-laundering assistance. So just read the words. Authorized representatives and or employees of Fortier knew that the employees had committed numerous breaches of fiduciary duty, and Fortier nevertheless provided substantial assistance and encouragement to the employees seen to misrepresent. Through their vehicles, Your Honor, as it relates to the accounts. And that's what it's referring to. And I would just note, Judge Pugano... This is the first Judge Pugano found that there is no allegation whatsoever that any of these banks made a misrepresentation. And this... And I believe that's a fair reading of the entire complaint. But the issue that Your Honor has focused on is whether or not SLUSA covers where the defendant is not alleged to have made a misrepresentation. The defendant himself, someone else. In the Peru case, the Green case, the 8th Circuit, the Disher case, and even in Cape Ann... I would agree with you that it has to be a misrepresentation of the defendant. But it looks... One could make an argument that paragraph 110 at the least says  And that's not covered, Your Honor. I mean, Your Honor... You mean it doesn't say that? No, it's not covered by SLUSA. That wouldn't be precluded by SLUSA. That's one of our fundamental points. And the other point, Your Honor... I think Your Honor must understand the point with respect to the corporate claims, the second point with respect to the investor claims, it's not covered by SLUSA because there's no misrepresentation. And secondly, it's not a state law claim. It's a claim under foreign law. And let me emphasize, it is a claim that is independent existing under foreign law. It isn't dependent on anything. It's a claim that, under the facts, it gives a cause of action under Swiss law. Thank you very much. Thank you, Your Honor. Thank you. We will now hear the final case for this morning.